IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-cv-1293-WDM-BNB

RODNEY DEWALT,

    Plaintiff,

v.

G.E. FINANCIAL,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Boyd N. Boland, issued January 31, 2005, that G.E. Financial's motion to dismiss be granted in part and denied in part and that the remaining claims be remanded to state court.[1] G.E. Financial filed a timely objection to the recommendation, to which plaintiff Rodney DeWalt responded, adding his own objections to the recommendation. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record, including DeWalt's state court complaint, the motion to dismiss, DeWalt's response, the recommendation, and the parties' filings concerning G.E. Financial's objections to the recommendation.

G.E. Financial moved to dismiss the complaint, arguing that DeWalt's claims are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-

---

[1] The recommendation was signed by Magistrate Judge Boland on January 31, 2005. It was filed by the Clerk of the Court on February 1, 2005. G.E. Financial refers to the recommendation in its objections as "dated January 31, 2005."

1461. The preemption issue has been the subject of a prior recommendation and my March 31, 2005 order accepting that recommendation. After G.E. Financial removed DeWalt's state court complaint based in part on ERISA preemption, DeWalt filed a motion to remand.[2] On January 27, 2005, Magistrate Judge Boland recommended that DeWalt's motion be denied, finding that DeWalt's claims for invasion of privacy, deceptive trade practices, and breach of a "privacy contract" were preempted and that federal question jurisdiction existed based upon that preemption. Magistrate Judge Boland found, however, that the remaining claims, including claims for slander, defamation, and providing false or confidential information to a third party, were not preempted. Neither DeWalt or G.E. Financial objected to any portion of this recommendation. I accepted the recommendation and denied the motion to remand.

In the January 31, 2005 recommendation on the motion to dismiss, Magistrate Judge Boland reiterated his analysis of the claims set forth in DeWalt's complaint and concluded, as he did in the January 27 recommendation, that the claims for invasion of privacy, deceptive trade practices, and breach of a "privacy contract" were preempted but that the remaining claims were not.[3] He recommends that I grant the motion to dismiss to

---

[2] G.E. Financial also alleged diversity jurisdiction in its Notice of Removal. As Magistrate Judge Boland found in his January 27 recommendation, however, G.E. Financial failed to meet its burden of establishing complete diversity of citizenship. No party objected to this portion of the recommendation.

[3] In light of DeWalt's response to the motion to dismiss, Magistrate Judge Boland construed the complaint as attempting to assert the disclosure of confidential information claim as a cause of action under the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-6 (HIPAA). Because there is no private right of action for DeWalt under this statute, he recommended that the claim be dismissed for lack of jurisdiction. Although DeWalt reiterates his claim that G.E. Financial violated HIPAA in his response to G.E. Financial's objection, he does not contend he has a

dismiss the preempted claims and that I decline to exercise jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

G.E. Financial objects to the January 31 recommendation on two grounds.  First, it asserts that all claims are preempted by ERISA and should be dismissed.  Second, to the extent I agree that some claims are not preempted, it argues that diversity jurisdiction exists and that those claims should remain pending in this court.

No party takes issue with Magistrate Judge Boland's characterization of DeWalt's complaint as asserting claims for:  (1) invasion of privacy, (2) breach of a "privacy contract," (3) slander and defamation, (4) providing false information to Wal-Mart for use at trial, (5) providing private and confidential information without DeWalt's consent, and (6) deceptive trade practices.  Recommendation, at 3-4.  Further, there is no objection to his finding that the claims for invasion of privacy, deceptive trade practices, and breach of a "privacy contact" are preempted by ERISA.

As a threshold matter, I must determine whether any of these claims is "completely preempted" to allow removal of the case from state court.[4]  *See Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1153-58 (10th Cir. 2004) (distinguishing between conflict preemption and complete preemption).  A state law claim is only completely preempted, allowing removal, "if it can be recharacterized as a claim under [28 U.S.C. § 1132(a)]," ERISA's civil enforcement provision.  *Id.* at 1157.  If a state law claim is not completely preempted, it

---

private right of action to pursue such violation.  Consequently, he has waived *de novo* review of this issue.  28 U.S.C. § 636(b).

[4]     None of the parties have addressed this issue, which also was not covered in either recommendation or in my order accepting the January 27, 2005 recommendation that the motion to remand be denied.

may not be the basis for removal jurisdiction. *Id.* at 1158 (citation omitted).

§ 1132(a)(1)(B) permits a participant in or beneficiary of an ERISA plan to bring a civil action "[t]o recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." None of DeWalt's claims seek to recover benefits due him or to clarify his rights to future benefits. His claim for breach of a privacy contract, however, appears to seek to enforce his rights under the terms of the ERISA plan, the only contract alleged to exist between the parties. Consequently, at least this claim is completely preempted and permits removal to this court, and I have jurisdiction to determine whether the remaining claims are preempted, either completely as falling under ERISA's civil enforcement provision or as related to an ERISA plan.[5] *Felix*, 387 F.3d at 1153-54.

G.E. Financial argues in its objection that DeWalt's claims for slander, defamation, and providing false or confidential information to a third party are preempted as related to the ERISA plan. It points out that, as a factual matter, it provided its file on DeWalt to Wal-Mart pursuant to a subpoena issued in the litigation between DeWalt and Wal-Mart. G.E. Financial asserts that the subpoena was accompanied by an authorization signed by DeWalt that permitted the release of the records.[6]

---

[5] I need not decide whether the remaining claims are completely preempted, as they may be removed pursuant to this Court's supplemental jurisdiction. 28 U.S.C. § 1367.

[6] G.E. Financial provides a copy of an authorization bearing a signature similar to that of DeWalt on the complaint. DeWalt argues in his response to the objection that the authorization attached to the objection was altered and that he never signed such a form. G.E. Financial replies that it did not alter the form.
I conclude, for purposes of this order, that G.E. Financial had no reason not to believe that DeWalt had signed the authorization form.

4

In his January 31 recommendation, Magistrate Judge Boland concluded that the claims for slander, defamation, and providing false or confidential information were not preempted because they arose from duties unrelated to plan administration and without regard to G.E. Financial's role as a plan fiduciary.  On this issue, I agree with G.E. Financial.

ERISA regulations require plan administrator to maintain a claim file and to provide certain documents to the claimant upon request.  *Cf.* 29 C.F.R. § 2520.104b-1(a) ("the plan administrator must furnish certain material to individual participants and beneficiaries upon their request").[7]  Consequently, G.E. Financial was acting within the requirements of ERISA and its regulations when it disclosed information from its files pursuant to the subpoena and the authorization form.  *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 188 (4th Cir. 2002) (if plan administrator obtained claimant's medical information "in the course of processing a benefits claim or in the course of performing *any* of its administrative duties under the plan," claims for invasion of privacy, etc., would be related to the ERISA plan and would be preempted) (original emphasis).  At the least, a court resolving DeWalt's claims for slander, defamation, and providing false or confidential information would have to consult the terms of the ERISA plan to determine the propriety of G.E. Financial's actions. "Because the court's inquiry must be directed to the plan," the claims relate to an ERISA plan and are preempted.  *Wilcott v. Matlack, Inc.*, 64 F.3d 1458, 1464 (10th Cir. 1995)

---

[7]    G.E. Financial also cites to 29 C.F.R. § 2560.503-1(h)(iii) as a basis for its claim that it was under a duty to disclose the information upon DeWalt's request.  That regulation, however, governs claim procedures and, specifically, requests for documents related to a claim for benefits in connection with an appeal of an adverse benefit determination.

(citation omitted).

Because I agree with G.E. Financial that all of DeWalt's claims are preempted, either completely or as relating to an ERISA plan, the motion to dismiss must be granted in its entirety.[8]

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boland, issued January 31, 2005, is accepted in part, as discussed herein.

2. The motion to dismiss, filed June 23, 2004, is granted and this case is dismissed on the grounds that plaintiff's claims are preempted by ERISA.

DATED at Denver, Colorado, on August 4, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge

---

[8] Given this result, I do not reach G.E. Financial's contentions concerning remand of any remaining claims.